UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE PALERMO,<br><br>    Plaintiff,<br><br>v.<br><br>UNDERGROUND SOLUTIONS, INC.<br><br>    Defendants. | Case No. 12cv1223-WQH (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**<br><br>[ECF No. 5] |

Currently before the Court is Plaintiff's May 21, 2012 Motion for Leave to Take Immediate Discovery. ECF No. 5. Having read all papers filed in connection with Plaintiff's motion for expedited discovery, and having considered the issues raised therein, the Court **DENIES** Plaintiff's motion for the reasons set forth below.

## BACKGROUND

Plaintiff Gene Palermo asserts that he is an expert, consultant, and published author in the plastic piping industry. ECF No. 1 at 2. Plaintiff further explains that over the course of his career, he has published a number of papers and given numerous presentations highlighting the risks associated with fused PVC piping. Id. Specifically, Palermo asserts that fused PVC piping is prone to "rapid crack propagation," making it unsuitable for industrial use. Id. at 3. Instead, Palermo endorses high density polyethylene piping (HDPE) and polyvinyl chloride piping (PVC). Id. Sellers of fused PVC piping apparently are direct competitors with sellers of HDPE or PVC

piping. Id. at 2.

In 2012, Palermo discovered a website with the domain www.genepalermo.com. Id. at 3. Palermo asserts that he did not authorize the use of his name in the website, and the website's content was completely at odds with his work. Id. In particular, the website highlights the dangers of HDPE piping, which contradicts Palermo's true opinions. Id.

Palermo subsequently discovered that the registered owner of the website domain is Defendant UGSI ("UGSI") and that its listed contact person is April Bushhorn, a UGSI employee. ECF No. 5-1 at 3, Exh. A. Palermo also alleges that UGSI distributed anonymous digital pamphlets to plastic pipe manufacturers and purchasers across the country, which describe Palermo as an "unqualified shill" with "no independent credibility." ECF No. 5-2 at 1, Exh. B. While the pamphlets were anonymous, Palermo discovered that the author was "bwalker" by uncovering the files' digital metadata.[1] ECF No. 5-3 at 1, Exh. C. Palermo believes "bwalker" to be Bob Walker, UGSI's Vice President of Engineering Applications. ECF No. 5 at 2.

On May 21, 2012, Palermo filed the instant action against UGSI. ECF No. 1. On that same date, Palermo also filed a motion for preliminary and permanent injunctive relief, and the motion for expedited discovery currently pending before this Court. ECF Nos. 3 and 5. Palermo seeks an order allowing him to obtain documents and electronically stored information from UGSI regarding the creation of the website and pamphlet, as well as the depositions of April Bushhorn and Bob Walker. ECF No. 5 at 2-3. In support of his motion, Palermo asserts that early discovery is necessary to determine which persons at UGSI were responsible for the website and the pamphlet, the extent to which the pamphlet was published, and UGSI's motivation for disparaging Palermo's reputation. Id. Palermo further states that any information obtained from early discovery will be used to bolster his argument for injunctive relief. Id. at 3.

///
///

---

[1] Metadata is defined as "data that provides information about other data." MERRIAM-WEBSTER ONLINE DICTIONARY. http://www.merriam-webster.com (last visited June 4, 2012)

# DISCUSSION

## A. Legal standard for Expedited Discovery

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitol, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See, e.g., UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant). In cases where preliminary injunction motions are pending, courts often permit expedited discovery designed to obtain information required for the preliminary injunction. See Dimension Data N. Am. v. NetStar-1, Inc., 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying request for expedited discovery in part because "the discovery requested is not narrowly tailored to obtain information relevant to a preliminary injunction determination"). In considering whether good cause exists, factors courts may consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. Legalnet, Inc. v. Davis, 673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009).

## B. Analysis

Palermo states that early discovery is required "to determine which persons at UGSI were responsible for the website and the pamphlet, the extent to which the pamphlet has been published, and, the motivation for the misappropriation of Plaintiff's name by Defendant for its

domain and website and its motivation for the creation and publication of an anonymous pamphlet disparaging Plaintiff's professional reputation." ECF No. 5 at 3. Palermo also claims that "the information gleaned from this discovery will be further used to support [his] motion for preliminary and permanent injunctive relief." Id.

While Plaintiff states that at least part of the reason for his early discovery request is to obtain information for his pending preliminary injunction motion, the facts do not support this statement. Palermo already has identified the registered owner of the www.genepalermo.com website as UGSI, and the contact person as April Bushhorn, a UGSI corporate officer. ECF No. 5-1 at 3, Exh. A. Palermo also has identified the author of the pamphlet as Bob Walker, a UGSI Vice President. ECF No. 5-3 at 1, Exh. C. Moreover, the Court has reviewed Palermo's motion for preliminary injunction and it only seeks to enjoin UGSI, not any individuals, from engaging in specific conduct and it does not identify any missing facts or need for discovery. See ECF No. 3. Because Palermo has ascertained the identities of the individuals and entity allegedly responsible for the conduct it seeks to enjoin and does not articulate any specific missing evidence, Palermo has not established "good cause" for expedited discovery in relation to the pending motion for preliminary injunction.

In addition, Palermo's discovery requests are excessively broad. For example, in his first request for production of documents, Palermo seeks "[a]ll documents and all electronically stored information of any type whatsoever related to the identity and address of anyone employed or retained by UGSI who was involved in any way with the concept, creation, content, authorship, implementation, publication, dates of publication, distribution, display in any format, dates of distribution, identities of recipients, creation of mailing lists (including electronic addresses and postal mailing addresses), payment of costs, payments of salary, payment of expenses related to the www.genepalermo.com website and domain." See ECF No. 5-4, Exh. D, Request for Production No. 1. The other requests are similarly over-broad. Id. These requests are not narrowly tailored to obtain evidence relevant to Palermo's motion for preliminary injunction. Instead, Palermo's request appears to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference, and would present an undue burden on Defendant at this stage in

1  the proceedings.  See Better Packages, Inc. v. Zheng, 2007 WL 1373055 (D.N.J. 2006) ("Granting
2  the requests would lead to the parties conducting nearly all discovery in an expedited fashion
3  under the premise of preparing for a preliminary injunction hearing, which is not the purpose of
4  expedited discovery").

5       For the foregoing reasons, Palermo has failed to show good cause for why early discovery
6  should be permitted.  Consequently, the Court **DENIES** Palermo's motion.

7       **IT IS SO ORDERED.**

8  DATED:  June 11, 2012

9                                BARBARA L. MAJOR
                              United States Magistrate Judge