**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENE PALERMO,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>UNDERGROUND SOLUTIONS, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 3:12-CV-01223-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss the Complaint filed by Defendant Underground Solutions, Inc. (ECF No. 12), the Motion to Strike filed by Defendant Underground Solutions, Inc. (ECF No. 24), and the Motion for Voluntary Dismissal filed by Plaintiff Gene Palermo. (ECF No. 29).

**BACKGROUND**

On May 21, 2012, Plaintiff Gene Palermo initiated this case by filing a Complaint against Defendant Underground Solutions, Inc. (ECF No.1). Plaintiff asserted six claims for relief: (1) false designation of origin and false association, in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) false light; (3) defamation; (4) misappropriation of likeness, in violation of California Civil Code § 3344; (5) misappropriation of likeness, in violation of California common law; and (6) unfair competition, in violation of California Business and Professions Code § 17200.

On May 21, 2012, Plaintiff filed a Motion for Preliminary and Permanent Injunctive

1  Relief against Defendant (ECF No. 3), which the Court denied on August 1, 2012. (ECF No.
2  22 (finding that Plaintiff had failed to show a likelihood of success on the merits of his
3  claims)).

4      On June 13, 2012, Defendant filed a Motion to Dismiss the Complaint pursuant to
5  Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12). On July 2, 2012, Plaintiff filed an
6  opposition. (ECF No. 19). On August 15, 2012, Defendant filed a reply. (ECF No. 26).

7      On August 7, 2012, the parties filed a Joint Motion to Dismiss claims two, three, five
8  and six of the Complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (ECF No.
9  23), which the Court granted on August 9, 2012. (ECF No. 25).

10     On August 8, 2012, Defendant filed a Motion to Strike claim four of the Complaint
11 pursuant to California's anti-SLAPP (strategic lawsuit against public participation) statute.
12 (ECF No. 24 (citing Cal. Code Civ. P. § 425.16)). On August 24, 2012, Plaintiff filed an
13 opposition (ECF No. 27), and on August 31, 2012, Defendant filed a reply. (ECF No. 28).

14     On October 19, 2012, Plaintiff filed a Motion for Voluntary Dismissal as to his
15 remaining claims – claims one and four – pursuant to Federal Rule of Civil Procedure 41(a)(2).
16 (ECF No. 29). On November 2, 2012, Defendant filed an opposition (ECF No. 31), and on
17 November 9, 2012, Plaintiff filed a reply. (ECF No. 32).

18 **MOTION FOR VOLUNTARY DISMISSAL**

19     In his Motion for Voluntary Dismissal, Plaintiff seeks to "voluntarily dismiss the
20 remaining counts in the Complaint, [claims one and four], without prejudice pursuant to
21 Federal Rule of Civil Procedure 41(a)(2)," and with each party to bear its own attorneys' fees
22 and costs pursuant to Local Rule 54.1(f). (ECF No. 29 at 2).

23 **I.   Applicable Standard**

24     Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be
25 dismissed at the plaintiff's request only by court order, on terms that the court considers
26 proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice
27 unless the order dismissing the case states otherwise. *Id.* "Rule 41 vests the district court with
28 discretion to dismiss an action at the plaintiff's instance upon such terms and conditions as the

court deems proper." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

The inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute legal prejudice. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). A defendant is only entitled to recover "attorneys' fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

## II.     Contentions of the Parties

Defendant asserts that Plaintiff is aware of "the likelihood that this Court will rule adversely to him on [Defendant's] pending motions." (ECF No. 31 at 8). Defendant contends that Plaintiff's Motion for Voluntary Dismissal should be denied because it "is unmistakably brought for improper purposes–that is, to forum shop and thus avoid this Court's prior determination that the speech in question was not commercial and not defamatory...." *Id.* Defendant asserts that Plaintiff intentionally delayed filing the Motion for Voluntary Dismissal in order to "waste[] time and resources," and contends that any dismissal the Court permits should be with prejudice. *Id.* at 12-13. Alternatively, if the Court dismisses claims one and four without prejudice, Defendant contends that it should be awarded attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 41. Finally, Defendant contends that the Court should award attorneys' fees and costs to Defendant pursuant to the anti-SLAPP statute and the Lanham Act. *Id.* at 13. Defendant asserts that "[i]n California, a defendant who is voluntarily dismissed from a case while an anti-SLAPP motion is pending is entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs." *Id.* (internal quotation omitted).

In his reply, Plaintiff asserts that he "is willing and has offered to dismiss his remaining claims against [Defendant] with prejudice and with each party to bear its own costs and fees, in order to save the Court and the parties time and money in litigating this matter any further." (ECF No. 32 at 2). Plaintiff contends that "[a] dismissal with prejudice moots the arguments set forth in [Defendant's] opposition papers, would bring this case to a close, and is acceptable to [Plaintiff] as a resolution of his Motion for Voluntary Dismissal." *Id.* Plaintiff asserts that he "stands on the arguments in his response to the Anti-SLAPP motion and this motion is not intended to avoid any adverse ruling on that motion. To the contrary, by this motion, [Plaintiff] seeks simply to reach a full and final resolution of his claims against [Defendant], including a determination that the Anti-SLAPP motion has no merit." *Id.* at 3.

### III.   Discussion

In the Motion for Voluntary Dismissal, Plaintiff seeks to dismiss claims one and four without prejudice; however, in his reply, Plaintiff agrees with the Defendant that any dismissal of claims one and four should be with prejudice. The Court finds no evidence to support Defendant's assertion that Plaintiff seeks to "forum shop" by dismissing claims one and four, and concludes that the Defendant has failed to demonstrate that it will be prejudiced as a result of a dismissal with prejudice. The Motion for Voluntary Dismissal filed by Plaintiff is granted in part. *See* Fed. R. Civ. P. 41(a)(2). Claims one and four of the Complaint are dismissed with prejudice.

In order to determine whether an award of costs and attorneys' fees is appropriate as to claim four, the Court must first consider the Motion to Strike filed by Defendant. *See* Cal. Code Civ. P. § 425.15(c) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion.").

### MOTION TO STRIKE

Defendant contends that claim four – for statutory misappropriation of likeness in violation of California Civil Code section 3344 – should be stricken from the Complaint

1 because it is "transparently designed to chill [Defendant's] First Amendment speech rights."
2 (ECF No. 24-1 at 6 (citing Cal. Code Civ. P. § 425.16[1])). The Court has dismissed claim four
3 with prejudice. Accordingly, the Court denies the Motion to Strike as moot.

However, "[a] plaintiff may not avoid liability for attorney fees and costs by voluntarily dismissing a cause of action to which an anti-SLAPP motion is directed." *ARP Pharmacy Serv., Inc. v. Gallagher Bassett Serv., Inc.,* 138 Cal. App. 4th 1307, 1323 (2006); *see also Pandora Jewelry, LLC v. Bello Paradiso, LLC*, CIV S-08-3108LKK/DAD, 2009 WL 1953468 (E.D. Cal. July 1, 2009) ("[W]hen a claim is dismissed after an anti-SLAPP motion is filed but before the motion is heard, the movant will sometimes, but not always, have 'prevailed' within the meaning of the statute, such that fee shifting is appropriate." (citing *Pfeiffer Venice Properties v. Bernard*, 101 Cal.App.4th 211, 218 (2002)).

Although the Court has denied Defendant's Motion to Strike as moot, the Court must consider its merits in determining whether to award costs and fees to the Defendant pursuant to the anti-SLAPP statute. *See Law Offices of Andrew L. Ellis v. Yang*, 178 Cal. App. 4th 869, 879 (2009) ("[T]he anti-SLAPP statute ... anticipates circumstances in which parties dismiss their cases while motions to strike are pending. In such circumstances, the trial court is given the limited jurisdiction to rule on the merits of the motion in order to decide if it should award attorney fees and costs to the defendants."). The docket reflects that the Defendant has not yet filed a motion for costs and attorneys' fees pursuant to the anti-SLAPP statute. The Court concludes that it would be premature to determine whether Defendant has prevailed within the meaning of the anti-SLAPP statute until a motion for costs and attorneys' fees is filed. *See Pfeiffer Venice Properties*, 101 Cal. App. 4th at 218 ("[B]ecause a defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees, the

---

[1] California's anti-SLAPP statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1); *see also Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206 (9th Cir.2005) (explaining that California anti-SLAPP motions to strike are available to litigants proceeding in federal court).

trial court must, upon defendant's motion for a fee award, rule on the merits of the SLAPP motion even if the matter has been dismissed prior to the hearing on that motion."); *see also Plevin v. City & County of San Francisco*, C 11-02359 CW, 2011 WL 3240536 (N.D. Cal. July 29, 2011) ("The City's anti-SLAPP motion to strike is directed solely at Plaintiffs' state law claims. As noted above, Plaintiffs do not intend to assert these claims in an amended complaint, and the City's motion to strike them is denied as moot. The City, however, may seek attorneys' fees under the anti-SLAPP statute.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Voluntary Dismissal (ECF No. 29) filed by Plaintiff Gene Palermo is GRANTED in part. Claims one and four are DISMISSED with prejudice. The Motion to Dismiss (ECF No. 12) and the Motion to Strike (ECF No. 24) filed by Defendant Underground Solutions, Inc. are DENIED as moot. Any motion for costs and attorneys' fees shall be filed within thirty (30) days of the date of this order.

DATED: January 25, 2013

_____
**WILLIAM Q. HAYES**
United States District Judge